IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:18CR00333-001 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | <u>SENTENCING MEMORANDUM</u> |
| | ) | <u>OF DEFENDANT SHADAWN</u> |
| ANTHONY GELFO, | ) | <u>GELFO</u> |
| | ) | |
| Defendant. | ) | |

     Mr.Anthony Gelfo has pled guilty to Count 1 of the Indictment, which charges Conspiracy to Possess with Intent to Distribute Methamphetamine, 21 U.S.C. § 841(a), 21 U.S.C. § 841(b)(1)(B); and Count 2 which charges Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 924(c)(1)(A)(i).

     Mr.Gelfo's Base Offense Level for Count 1 is 28 pursuant to USSG § 2D1.1. Mr.Gelfo has accepted responsibility, a 3 level reduction is warranted under USSG §3E1.1(a) and (b). The final offense level is 25. Mr.Gelfo is in Criminal History Category VI. With an Offense Level of 25 and Criminal History Category VI, his Guidelines range is 110 to 137 months. The offense level for Count 2 is defined by statute as 60 months, to be served consecutively.

     Mr.Gelfo requests this Court for a sentence sufficient but not greater than necessary to fulfill the requirements of 18 U.S.C. § 3553(a) after considering all factors. A more thorough explanation of this request is set forth in the attached Memorandum in Support.

Respectfully submitted,

**s/Leif B. Christman**
**LEIF B. CHRISTMAN (0070014)**
55 Public Square, Suite 2100
Cleveland, Ohio 44113
Tel: 216-241-5019
Fax. 216-631-6013
E_mail: Lbchristman@hotmail.com
Attorney for Defendant

**MEMORANDUM IN SUPPORT**

**I.     Introduction**

Mr.Anthony Gelfo has pled guilty to Count 1 of the Indictment, which charges Conspiracy to Possess with Intent to Distribute Heroin, 21 U.S.C. § 841(a), 21 U.S.C. § 841(b)(1)(B) and 21 U.S.C. § 846.

According to the PSI and the Plea Agreement, Mr.Gelfo's Base Offense Level for Count 1 is 24 pursuant to USSG § 2D1.1. The Guideline for Count 2 is defined by statute, and in this case is 60 months.

Mr.Gelfo has accepted responsibility, and therefore a 3 level reduction is warranted under USSG §3E1.1(a) and (b).  He provided an acceptance of responsibility statement.  He discusses his difficulty adjusting to life after incarceration.  Initially, he was able to adjust, obtained employment and a long term relationship.  He became addicted to methamphetamine and his life took a tragic turn.  He lost his girlfriend, his employment, his house and all his possessions.  (PSI ¶ 16).  This addiction led to a string of criminal activity and arrests.

Mr.Gelfo has pled guilty sufficiently in advance of trial to spare the government the time and expense of preparing for trial.  It is anticipated that the government will move for the one (1) point reduction under subsection (b).  For the forgoing reasons, the three (3) level reduction for acceptance of responsibility should be granted.

With the three level adjustment for acceptance of responsibility, the final offense level is 25.

Mr. Gelfo is in Criminal History Category VI.  Mr. Gelfo has objected to paragraphs 37 and 38 as uncounseled pleas which cannot be properly counted.  Uncounseled misdemeanor convictions cannot be counted towards a defendant's criminal history score because

considering them in establishing his criminal history score, and by extension his sentence, would violate the Sixth Amendment as construed in *Baldasar v. Illinois*, 446 U.S. 222 (1980). *See also, United States v. McGlocklin*, 8 F3d 1037, 1039 (6th Cir. 1993).  Removing either conviction identified in paragraph 37 or 38 would result in 12 criminal history points, and a Criminal History Category of V.

With a Total Offense Level of 25 and Criminal History Category VI, his Guidelines range for Count 1 is 110 to 137 months.  With a Criminal History Category of V, the Guidelines Range for Count 1 is 100 to 125 months.  Count 2 has a statutory term of 60 months and is mandatory consecutive time.

**II.     The Statutory Sentencing Factors**

Prior to sentencing the Defendant the Court must evaluate the factors listed in 18 U.S.C.A. §3553(a) to determine a reasonable sentence for the defendant. The Court must consider the following per 18 U.S.C.A. §3553(a): the nature and circumstances of the offense and the history of the defendant; the need for the sentence imposed (considering seriousness of offense, deterrence, protecting the public, providing the defendant with needed treatment in the most effective manner); the types of sentences available; sentencing ranges; policy statements issued by the Sentencing Commission; need to avoid unwarranted sentencing disparities; and restitution to the victim of the offense. 18 U.S.C.S. §3553(a) (2008).

In determining the sentence to be imposed, this Court is to consider the factors codified at 18 U.S.C. § 3553(a), guided by *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005); *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456 (2007), and *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586 (2007). As the full Sixth Circuit observed:

> *Booker* empowered district courts, not appellate courts and not the Sentencing Commission. Talk of presumptions, plain error and procedural and substantive rules of

> review means nothing if it does not account for the central reality that *Booker* breathes life into the authority of district court judges to engage in individualized sentencing within reason in applying the § 3553(a) factors to the criminal defendants that come before them.

*United States. v. Vonner*, 516 F.3d 382, 392 (6th Cir.) (*en banc*), *cert. denied*, 555 U.S. 816 (2008).

Since *Booker* and its progeny, the sentencing court may now consider even those mitigating factors that the advisory guidelines prohibit, e.g., poverty, racial discrimination and humiliation, drug abuse and addiction, dysfunctional family background, lack of guidance as a youth, etc. See: *United States v. Ranum*, 353 F. Supp.2d 984 (E.D. Wisc. 2005) ("the guidelines" prohibition of considering these factors cannot be squared with the Section 3553(a)(1) requirement that the court evaluate the "history and characteristics" of the Defendant... thus, in cases in which a Defendant's history and characteristics are positive, consideration of all of the Section 3553(a)(1) factors might call for a sentence outside the guideline range").

First looking at the nature and circumstances of the current offense and the history of the defendant the Court should evaluate several factors. Mr. Gelfo was convicted of rape when he was 18 years old and served a five year prison term. Upon his release, he completed a 5 year apprenticeship program to become a journeyman ironworker. He worked hard and built a nice life for himself. He became involved in a long term relationship and they were in the process of purchasing a home. On Mr. Gelfo's 30th birthday, he was introduced to methamphetamine by a neighbor. He quickly became addicted. Within 9 months, he lost his job, his girlfriend, his house, and all of his possessions.

In a very short period of time Mr. Gelfo was arrested multiple times as part of a course of drug trafficking. On March 8, 2017 he was arrested for possession of methamphetamine.

He was sentenced to 12 months imprisonment on June 27, 2017. On July 12, 2017, he was arrested for possession of methamphetamine. On November 16, 2017, he was sentenced to 9 months to run concurrently with his 12 month sentence. The offense conduct in this case occurred on March 8, 2017, the date of his arrest in the earlier of these two state cases. Mr. Gelfo acquired 8 criminal history points in the two year period after his 30th birthday.

Mr. Gelfo has significant family and community ties, as attested to by the numerous letters of support. (Exhibit 1). Mr. Gelfo has also submitted letters of support from his union attesting to his work ethic. (Exhibit 2). Mr. Gelfo has also submitted information demonstrating his efforts at drug rehabilitation and his certificates of classes completed during his incarceration. (Exhibit 3).

The second factor to be evaluated by the Court is to assess the need for the sentence imposed, considering seriousness of offense, deterrence, protecting the public, providing the defendant with needed treatment in the most effective manner.

Mr. Gelfo has a history of recreational drug abuse. This turned into a significant problem when he tried methamphetamine for the first time when he was 30. He developed an addiction and engaged in an escalating course of conduct that destroyed his life and led to multiple criminal indictments. He would benefit greatly from a drug treatment program.

For the forgoing reasons, Mr.Gelfo requests a sentence which is sufficient but not greater than necessary to fulfill the requirements of 18 U.S.C. § 3553(a).

Mr.Gelfo requests no fine be imposed. He does not have the financial capacity to pay a fine. (PSI ¶ 67).

Respectfully submitted,

**s/Leif B. Christman**
**LEIF B. CHRISTMAN (0070014)**
55 Public Square, Suite 2100
Cleveland, Ohio 44113
Tel: 216-241-5019
Fax. 216-631-6013
E_mail: Lbchristman@hotmail.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2019, a copy of the forgoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,

**s/Leif B. Christman**
**LEIF B. CHRISTMAN (0070014)**